GRIFFIN, C.J.
Terrell Carlton Glee [“Glee”] appeals his conviction for second-degree murder and tampering with evidence. We find no error and affirm.
The trial court did not err in denying Glee’s motion for a judgment of acquittal on the ground that the evidence failed to show that the victim died as the result of someone’s criminal agency. At trial, Dr. Gore, the Orange County Medical Examiner, testified that he had been able to determine by a process of exclusion that the victim died as the result of a homicide, and not as the result of a drug or alcohol overdose or of natural causes. Dr. Gore further testified that this process of exclusion was an accepted methodology in forensic medicine. This evidence was sufficient to establish criminal agency and to contradict the hypothesis that the victim died of natural causes or an overdose.
The state also presented sufficient evidence to create a question for the jury on whether Glee was responsible for the victim’s death. The evidence showed that she was last seen alive in Glee’s company; the two were arguing; her body was found in the trunk of the vehicle in which she had been seen with Glee; and her body was wrapped in a quilt that apparently came from the trader in which Glee was living. This evidence creates a question for the jury on whether Glee killed the victim.
There was also no error in the exclusion of evidence that the victim’s former boyfriend, Sam McCall [“McCall”], was being investigated for the murder of a woman named “Michelle” and that he had “jumped” Michelle for money and drugs. The proffer made by Glee failed to establish the requisite similarity between the incident involving “Michelle” and the events leading up to the victim’s death. *809 There was no showing that Michelle was murdered in the same manner as the victim, or even for similar reasons. In fact, it was unclear from the proffer precisely how Michelle died, and precisely what connection McCall had to that event. It is also unknown whether the testimony on this issue came directly from statements made by McCall and therefore was subject to a hearsay exception, or whether it constituted inadmissible hearsay.
A closer question is whether the trial court abused its discretion in excluding testimony that McCall had access to the blanket draped over the victim’s body and that the blanket had not been seen since McCall moved out. We conclude it was within the trial court’s discretion to exclude this evidence because of the lack of any evidence other than the blanket tying McCall to the victim’s death. Absent such evidence, the theory that McCall had murdered the victim was too speculative for this, court to find harmful error.
AFFIRMED.
ANTOON, J., concurs.
THOMPSON, J., concurs in result only.